**No. 54653.**—The Wing On Co. *v.* United States, protest 96004–K (New York).

Opinion by OLIVER, C. J. At the trial the defendant contended that the merchandise is dutiable at 35 percent under paragraph 1538 by similitude to manufactures of ivory. A Government chemist's report received in evidence (exhibit 2) states that the sample of the merchandise (exhibit 1) is composed wholly of synthetic phenolic resin with a little pigment but that the resin does not serve as a binding agent. In this connection, the records in Abstracts 45795, 49907, 51306, and 51959 were incorporated herein. The testimony of the examiner in the case of *Wenchow Importing Co.* v. *United States*, Abstract 54651, decided concurrently herewith, was admitted in evidence herein. Said testimony failed to establish that the imported articles were similar to ivory in material, texture, quality, and use, as claimed, and failed to support classification by similitude. *Roovers Bros., Inc.* v. *United States* (23 Cust. Ct. 53, C. D. 1190) cited. On the record presented and following the cited authorities, it was held that the defendant failed to establish its claim that these articles are dutiable under paragraph 1538. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 54654.**—Chinese Arts & Crafts, Inc. *v.* United States, protest 988218–G (New York).

Opinion by OLIVER, C. J. At the trial it was stipulated that the involved merchandise was made wholly of synthetic resin and the records in Abstracts 45795, 49907, 49908, 50188, and 50189 were incorporated herein. On the record presented and following the cited authorities, the claim at 20 percent under paragraph 1558 was sustained.

**No. 54655.**—Paramount Bead Corp. *v.* United States, protest 8891–K (New York).

Opinion by OLIVER, C. J. At the trial the assistant chief chemist in the United States Customs Laboratory at the port of New York testified that an analysis of a sample of the merchandise involved showed it to be an article composed wholly of polymerized styrolene resin which, he stated, was a synthetic resin. The records in Abstracts 45795, 49907, 50189, and 51959 were incorporated herein. On the record presented and following the cited authorities, the claim at 20 percent under paragraph 1558 was sustained.